*Herndon's ex'ors vs. Bartlett's ex'or.*

Error to the Franklin Circuit; HENRY DAVIDGE, Judge.

*Lapse of time. Judgment. Executors. Statute of limitations.*

APPEAL TO
THE CIR. C.

Case 103.

Judge OWSLEY delivered the opinion of the court.

THE executors of Herndon sued the executor of Bartlett, by warrant before a Justice of the peace, and recovered judgment for twenty nine dollars and fifty nine cents, besides interest and cost.

The executor of Bartlett appealed to the circuit court, and a jury being there dispensed with, and, by agreement of the parties, both law and facts submited to the determination of the court, judgment was rendered in favor of the executor of Bartlett.

To reverse that judgment the executors of Herndon have prosecuted this writ of error.

The object of Herndon's executors in bringing their warrant before the justice, was to recover of the estate of Bartlett the amount of a judgment, which they claim to have been rendered against him in their favor by one of the district courts of the State of Virginia, at the May term, 1806. On the trial in the circuit court, the executor of Bartlett denied that any such judgment had been rendered against his testator; but if it had, he contended that the amount thereof had been paid, and relied upon lapse of time as evidence of the payment.

The whole evidence introduced on the trial, was spread upon the record, by bill of exceptions.

The transcript of the record from the district court of Virginia, is conclusive evidence that judgment was rendered by that court, in favor of the executors of Herndon, against the testator, Bartlett. The judgment purports to be against the plaintiff in court, without naming him; and by the transcript of the record, the action seems to have been brought by, and prosecuted in the name of, the testator, Bartlett, attorney in fact for John White; so that Bartlett, and not White, must be understood to be

June 28.

Case stated.

Judgment for defendant in a suit, by B, attorney in fact for W, is a judgment against B, and he may be sued in an action on such judgment.

HERNDON'S
ex'ors.
vs.
BARTLETT'S
ex'or.
_____
Lapse of time
less than 20
years, may or
not, be suffi-
cient evi-
dence of pay-
ment.

Effect of the
fact, that an
execution
had issued on
the judgment
and never re-
turned; of the
removal of
the defend-
ant, and non-
residence of

the person against whom the judgment was render-
ed by the court.

The main question relates to the lapse of time be-
tween the judgment by the court of Virginia, and
the suing out the warrant in this case from the jus-
tice.

The warrant is dated the 17th of November, 1825;
and the judgment was rendered by the court of Vir-
ginia, in May, 1806; so that there was not twenty
years between the rendition of the judgment and the
date of the warrant. But from the transcript of the
record, which was certified by the clerk of the court
of Virginia, in 1818, it appears that an execution is-
sued upon the judgment, in favor of Herndon's ex-
ecutors, as long ago as the 28th of June, 1806, and
that it has never been returned to his office; and al-
though full twenty years had not run between the
judgment and the date of the warrant, it is contend-
ed on the part of the executor of Bartlett, that from
the fact of an execution having issued, and not being
returned in connexion with the lapse of time which
actually run, payment of the judgment was correct-
ly presumed by the circuit court. We, however,
under all the circumstances proved on the trial, think
differently. We would not be understood to say,
that no circumstances can, in connexion with the
lapse of less than 20 years, warrant a presumption of
payment; but it is intended to say, that the circum-
stance relied on by the executor of Bartlett, and to
which we have adverted, is insufficient, when con-
sidered in connexion with other evidence contained
in the record, to authorize the conclusion that the
judgment has been paid.

If, at the date of the execution which issued from
the office of the court of Virginia, Bartlett had resi-
ded in that state, or had property there; the fact of
the execution having issued, might be plausibly urg-
ed as a strong circumstance in support of the pre-
sumption of payment. But it was proved, or admitted,
by the parties, that before the judgment was rendered
by the court of Virginia, Bartlett resided, and contin-
ued to reside until his death, in this state; and there
was no evidence introduced conducing to prove, that

after he left the state of Virginia, Bartlett ever had any property there, which could have been reached by execution. And not only so, but it moreover appears from the record, that the executors of Herndon have at all times been non-residents of this state; and that about two or three years before the date of the warrant, the record of the suit in Virginia was presented to Bartlett, and payment demanded; and, without even alleging that he had paid the judgment, he replied that he would take the advice of counsel; and after having done so, said he was advised that he was not bound to pay it. These circumstances, we think, go not only to repel any favorable inference which might otherwise have been drawn from the issuing of the execution, but they also go to weaken the effect of the lapse of time between the judgment and the date of the warrant. For although, as a general rule, after the lapse of twenty years, either a debt due by bond or judgment will be presumed paid, the presumption is but a presumption of fact, and may be repelled by proof of any incompatible facts. Accordingly, it is said, that the presumption does not arise, where the obligor has resided abroad during the whole of the time: 2 Starkie's Evi. 309. See also the case of Reardon vs. Searcy's heirs, 3 Marsh. 544.

*HERNDON'S ex'ors. vs. BARTLETT'S ex'or.*

*the plaintiff; and statement of defendant, in support, and against the presumption of payment from lapse of time.*

We have thus far been considering the case upon general principles, applicable to presumption of payment from lapse of time, and according to those principles we feel constrained to say, that upon the evidence contained in the record, no presumption of payment can be fairly inferred.

But the judgment was rendered in the state of Virginia, and as that state has a statute limiting the time for suing upon judgments to ten years, it may be contended, that under the constitution and laws of the United States, no greater effect should be given in this state to the judgment, than would be given to it in Virginia; and that after the lapse of ten years from the judgment, the executors of Herndon should not be permitted to recover in an action on the judgment in this state.

*Act of Virginia limiting the action on a judgment to 10 years, does not apply where the defendant removed from the state before the judgment was recovered; the*

Without, however, going into the question, whe-

HERNDON'S ex'ors. vs. BARTLETT'S ex'or.

*proviso of the act excludes such cases.*

ther or not the constitution and laws of the United States should be construed to have any application to the acts of limitations, which any state may adopt as to the time in which judgments may be enforced, it is a sufficient answer to the argument, that the Virginia act of limitation to which the argument alludes, contains a saving as to persons against whom judgments are rendered, removing from that state; and we have seen, that Bartlett had removed from the state before judgment was rendered against him; so that his executors can derive no benefit from that act, even were it admitted to have any influence in this state, over actions brought here upon judgments of that state, as was decided by this court in the case of Thompson vs. Cobb: 1 Marsh. 507.

Judgment, Chief Justice dissenting.

A majority of the court, the chief justice dissenting, are of opinion, that judgment should have been rendered in favor of the executors of Herndon. The judgment must be reversed with cost, the cause remanded to the court below, and judgment there entered for the amount of the Virginia judgment and cost.

*Dissent of Chief Justice* BIBB.

In December, 1825, Herndon's executors sued and obtained judgment against James Bartlett's executor, Ireland, by warrant before a justice. Ireland appealed to the circuit court. By consent, the cause was "submitted to the court for final judgment without jury." Upon hearing the parties, the circuit court reversed the judgment of the justice, and gave judgment for the executor, Ireland. The executors of Herndon moved the court to set aside the judgment, and grant a new trial; which motion was overruled. The executors of Herndon filed a bill of exceptions to the opinion of the court in refusing to set aside the judgment.

The bill of exceptions states, that the parties at the trial agreed to dispense with a jury, and to submit the law and evidence to the court, without the formality of drawing the pleadings.

The plaintiff in the warrant, gave in evidence the record of the proceedings in the District Court of

Virginia, holden in Fredericksburg, in an action in which James Bartlett, as attorney in fact for John White, declared against the said executors of Edward Herndon, in assumpsit; that the said executors and the plaintiff accounted together for moneys due and owing from their testator, Edward Herndon, in his lifetime, to said John White, and upon that account the defendants, executors of Herndon, were found in arrear to said John White, in the sum of £391 3s. 5d. and in consideration thereof, assumed to pay said sum to the said plaintiff. The defendants pleaded non assumpsit. After jury sworn to try the issue, the plaintiff suffered a non suit, and thereupon the said defendants had judgment against said plaintiff for costs, amounting to $29 39. The suit was commenced in October, 1803; the judgment was rendered in May, 1806.

HERNDON's ex'ors
vs.
BARTLETT's ex'or.

Dissent of ch. jus. BIBB.

The executors issued an execution, on the 28th May, 1806, against the goods and chattels of the plaintiff, which has not been returned into the office, as the record states. The record is certified in due form of law, on the 6th June, 1818.

It was admitted by Ireland, that he was the executor of James Bartlett.

The plaintiffs in the warrant, the executors, of Herndon, were, and ever had been, non residents of Kentucky.

James Bartlett had resided in Kentucky twenty years, and was always solvent.

Two or three years before the warrant, the record was presented to Bartlett for payment, as the witness was informed, by Ireland, Bartlett replied he would take the advice of counsel, and was advised he was not bound to pay it, and he accordingly refused. This, the bill of exception states, was all the evidence,

It was argued for the executor, that the judgment of Virginia is against White. I think the judgment is against Bartlett. It may have been, that the awkward mode of declaring, in the name of Bartlett, attorney in fact for White, upon a demand accruing

HERNDON'S
ex'ors'
vs.
BARTLETT'S
ex'or.
———
Dissent of
ch. jus. BIBB.

to White, and laying an assumpsit to the plaintiff, Bartlett, which he could not prove, although the demand might have been due to White, produced the non suit. But James Bartlett was the plaintiff who was *non suit*, and against whom judgment for costs was given.

Payment, release, or acquitance, may be presumed from length of time. The lapse of time is presumptive evidence of such facts. It is *so treated in* Shield vs. Perkins, 2 Bibb, 387. This presumption may be repelled by circumstances; and it is true, that residence in different states may be used to repel the presumption of payment, or other acquitance. But that, also, is but presumptive evidence against presumptive evidence. And I think the presumption of satisfaction is very strongly fortified, by the fact, that execution issued speedily after judgment, which execution has never been returned. So that, for aught that appears, satisfaction might have been received by force of the execution. Questions of payment of bonds have been left to the jury, upon presumption, from sixteen years. A demand was made of the testator in his lifetime; he refused to pay, and returned for further answer, that he was not bound to pay. This was no acknowledgment of a debt, but directly the reverse. Yet the refusal is not pursued by action; the suit was still delayed until the death of Bartlett, and *then it is* prosecuted against his executor. Although the judgment is technically against Bartlett, yet the demand sued for was evidently accruing to White; he may have paid it; where he lived is not stated. The presumption of satisfaction arising from such great length of time, near twenty years, *is matter of fact;* difference of residence does not, as matter of law, do away that presumption positively; that also is matter to be left to a jury. The judge in this case was substituted in place of the jury, by agreement of the parties; he presumed payment. Suppose a jury had presumed payment or satisfaction, ought the appellate court to disturb the verdict? Are there not strong circumstances in favor of such an inference? Satisfaction, or *no satisfaction*, must at best remain in *dubio*, after taking into consideration

the difference of residence of the parties, and weighing that against length of time and the other circumstances. The residence has not been changed since judgment. Bartlett lived in Kentucky when the suit was brought. Considering that presumption of satisfaction from length of time is founded on a great principle of public policy, necessary to the repose and security of society, I do not think this court would have disturbed the verdict of a jury for the defendant; and I think the case stands before this court as if a jury had tried the cause. According to the established doctrines of this court, a new trial will not be granted, where a jury have found a verdict upon presumptive evidence on the one side and presumptive evidence on the other, where the scales of evidence are nearly equipoised. As a juryman, I should find for the defendant; and I cannot consent to reverse the judgment of the circuit judge for so finding.

My opinion is, that the judgment be affirmed; and by the opinion of the majority of the court final judgment is to be entered for the executors of Herndon.

*Dana* for plaintiff; *Crittenden* for defendant.